# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL22007473-00

PRINCE WILLIAM _____ Circuit Court

9311 LEE AVENUE, ROOM 314, MANASSAS 20110-
ADDRESS

TO:

THORSDOTTIR, HELGA

5036 DAVIS FORD ROAD

WOODBRIDGE, VA 22192-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

SEPTEMBER 6, 2022 ................           SMITH, JACQUELINE C _____ Clerk
DATE

by   /S/ POSNER, SHARON _____
DEPUTY CLERK

Instructions: COMPLAINT

Hearing Official: ....................................................................

FORM CC-1400 MASTER 10/13

Uploaded: 2022SEP02 15:53 Filed By:Bar# 83203 KHERRMANN Reference: EF-108755
E-Filed: 2022SEP02 PRINCE WILLIAM CC SPOSNER at 2022SEP06 09:28 CL22007473-00

**VIRGINIA:**

## IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

| | | |
|---|---|---|
| JOHN SCOTT MORETTI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| v. | ) | |
| | ) | |
| DET. HELGA THORSDOTTIR, | ) | |
| In her official and individual capacity, | ) | **COMPLAINT** |
| | ) | |
| SERVE: | ) | **JURY TRIAL DEMAND** |
| Prince William County Police Department | ) | |
| 5036 Davis Ford Road | ) | |
| Woodbridge, VA 22192 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff John Scott Moretti ("Mr. Moretti"), by counsel, brings his Complaint against Detective Helga Thorsdottir ("Det. Thorsdottir"), and alleges as follows:

## INTRODUCTION

1.     This case arises out of Det. Thorsdottir's unjust and unjustifiable arrest of Mr. Moretti. Det. Thorsdottir ignored exculpatory evidence in her possession and intentionally omitted exculpatory information to acquire an arrest warrant for Mr. Moretti. Det. Thorsdottir maliciously pursued criminal charges against Mr. Moretti and continued to conceal material exculpatory information for more than a full year. Once that information finally saw the light of day, the charges against Mr. Moretti were dropped.

2.      Det. Thorsdottir targeted Mr. Moretti as the individual responsible for the sexual abuse of a minor, referred to herein as Jane Doe, despite substantial exculpatory evidence in Det. Thorsdottir's possession.

3.      In the years after Jane Doe initially made accusations of child sexual assault in 2018, she named a series of individuals as the perpetrators of that assault. At no time did Jane Doe say she was the target of multiple abusers–she stated that there was a single abuser but named at least three people as that abuser.

4.      Mr. Moretti has no reason to doubt that Jane Doe was subjected to abuse. His only concern is that he had nothing to do with that abuse.

5.      Despite Jane Doe naming several individuals, Det. Thorsdottir did not investigate anyone other than Mr. Moretti. Det. Thorsdottir continued to target Mr. Moretti even when she learned of identifying information about the perpetrator that unequivocally described an individual other than Mr. Moretti.

6.      The identifying information Det. Thorsdottir learned about the perpetrator included the individual being a friend of Jane Doe's father and having been present at Jane Doe's family home on June 3 2018.

7.      Mr. Moretti was not, and could not have been, either of those individuals. Mr. Moretti did not know Jane Doe's father at the time of his wedding and never served as a swim instructor.

8.      There can be no doubt that a truthful and accurate disclosure of the information in Det. Thorsdottir's possession would not have allowed her to acquire a warrant for Mr. Moretti's arrest.

9.     The intentional, selective disclosure of information in a law enforcement officer's possession for the purpose of misleading a magistrate judge to secure a warrant is a violation of the Fourth Amendment of the United States Constitution if such warrant would not have been granted absent those omissions.

10.     Det. Thorsdottir did not have probable cause to effect an arrest of Mr. Moretti in light of the exculpatory evidence in her possession at the time of the arrest.

## NATURE OF ACTION

11.     This is an action for damages under 42 U.S.C. § 1983 ("Section 1983") stemming from Det. Thorsdottir's false arrest and malicious prosecution of Mr. Moretti in violation of the Fourth Amendment to the United States Constitution. Mr. Moretti also brings claims against Det. Thorsdottir for false arrest and malicious prosecution in violation of Virginia common law.

## PARTIES, JURISDICTION, AND VENUE

12.     Plaintiff Moretti is an adult resident of the Commonwealth of Virginia.

13.     Defendant Det. Thorsdottir, at all times relevant to this Complaint, worked for the Police Department of Prince William County, Virginia, and thereby is subject to suit under Section 1983.

14.     At all times relevant to this Complaint, Det. Thorsdottir acted under the authority granted to her by the Prince William County Police Department in her capacity as a Detective.

15.     At all times relevant to this Complaint, Det. Thorsdottir was acting under the color of state law.

16.     Det. Thorsdottir is subject to the personal jurisdiction of this Court because her work was performed within this judicial district.

3

17.     Venue is proper in this Court under Va. Code § 8.01-262 as the Defendant is employed within this judicial district.


## FACTS

### *Jane Doe's Initial Report of Sexual Abuse*

18.     In or around June 2018, Jane Doe disclosed via text-based chat with a suicide hotline that she had been sexually abused by *her father's friend*, beginning when she was eight years old and ending when she was twelve years old.

19.     The individual who received this information from Jane Doe reported these allegations to the Department of Children and Family services.

20.     Det. Ramon Alfaro of the Prince William County Police Department contacted Jane Doe's mother to discuss the reported allegations.

21.     During Det. Alfaro's investigation, Jane Doe declined to name her abuser or discuss the abuse in any detail.

22.     Det. Alfaro wrote a report detailing his investigatory findings and moved the case to inactive status in or around August 2018.


### *Accusations Made Against Mr. Moretti*

23.     While in a residential care facility in June of 2019, Jane Doe told her therapist that she had been abused by Mr. Moretti between the ages of eight and twelve years old.

24.     In September 2019, based on this report, Prince William County Police Department reopened the case that had been initiated by Jane Doe's allegations in 2018.

4

25.     Importantly, the Prince William County Police Department reopened the same case–Jane Doe's new statements were not considered new allegations, but further information regarding already-investigated allegations.

26.     Prince William County Police Department assigned Det. Thorsdottir to the re-opened case.

27.     Det. Thorsdottir's investigation revealed that Jane Doe believed she would not be allowed out of residential confinement until she named her perpetrator to her therapist or police.

28.     Mr. Moretti is not friends with Jane Doe's parents, was not the best man at their wedding, and does not fit the description of the suspect given by Jane Doe in the summer of 2018.

### *Police Action Against Mr. Moretti*

29.     Mr. Moretti was first contacted by Det. Thorsdottir on November 7, 2019.

30.     Mr. Moretti consented to an interview with the police, which was scheduled for November 11, 2019.

31.     During the interview Mr. Moretti unequivocally denied abusing Jane Doe.

32.     Following the interview, Det. Thorsdottir sought a search warrant for Mr. Moretti's residence and swore an affidavit in support of the search.

33.     On November 11, 2019, the search warrant was executed by Det. Thorsdottir.

34.     Mr. Moretti cooperated with the search by providing passcodes to the residence, safes, and lockboxes.

35.     Law enforcement seized cellphones, laptops, tablets, records and documents, SD cards, thumb drives, and a handgun from Mr. Moretti's residence.

36.     The Prince William County Police Department completed its review of the materials seized in the search of Mr. Moretti's home in April 2020.

37.     No information relevant to the investigation was found.

38.     On or about May 5, 2020, Det. Thorsdottir obtained a warrant for Mr. Moretti's arrest despite the search having revealed no corroborating evidence.

39.     Det. Thorsdottir presented only two facts to support probable cause for the arrest: (1) Jane Doe's identification of Mr. Moretti as the individual who had abused her approximately eight years earlier; and (2) the fact that Jane Doe indicated a gun had been used in the commission of the offense and "multiple firearms were observed" during the search of Mr. Moretti's home in 2019.

40.     Notably, Mr. Moretti is a career law enforcement officer, a fact Det. Thorsdottir knew at the time of the search. The presence of firearms in his home is not notable or evidence of any crime.

41.     In seeking a warrant for Mr. Moretti's arrest, Det. Thorsdottir did not disclose any of the exculpatory evidence or contradictory information she learned in her investigation or through her review of Det. Alfaro's 2018 investigation.

42.     The information available to Det. Thorsdottir at the time she obtained the arrest warrant would not have led a reasonable officer in her position to believe probable cause existed to arrest Mr. Moretti for a criminal offense.

43.     Mr. Moretti was arrested on May 5, 2020.

44.     He remained in police custody until May 12, 2020, when he was released on a fifty-thousand ($50,000.00) dollar bond.

45.     A preliminary hearing was held on July 9, 2020.

### *Continued Investigation and Continued Omissions*

46.    Det. Thorsdottir's investigation into Jane Doe's allegations continued following Mr. Moretti's arrest and indictment.

47.    The Commonwealth Attorney's Office did not provide any discovery to Mr. Moretti's defense counsel until nearly seven months after the preliminary hearing, or on January 29, 2021.

48.    On information and belief, the Commonwealth Attorney's Office could not turn over even this limited discovery based on Det. Thorsdottir's failure to provide all information relevant to Mr. Moretti's case to the Commonwealth's Attorney.

49.    The discovery obtained on January 29, 2021 revealed that Jane Doe had named several other individuals–in addition to Mr. Moretti–as having been her abuser.

50.    Mr. Moretti's defense counsel fought to receive additional exculpatory documents from the prosecution.

51.    Among the documents specifically requested by Mr. Moretti's defense counsel were all records related to Det. Alfaro's June 2018 investigation into the reported sexual abuse of Jane Doe.

52.    On or about March 12, 2021, Det. Thorsdottir provided Mr. Moretti's defense counsel with only one item from Det. Alfaro's June 2018 investigation file: a video recording of an interview of Jane Doe completed by the Department of Social Services in August 2018.

53.    Mr. Moretti's trial was initially scheduled for April 12, 2021 but was continued until January 2022 based on the prosecution's repeated failures to provide exculpatory information to Mr. Moretti's counsel.

7

54.     Mr. Moretti's counsel received additional discovery from the prosecution on May 28, 2021, six weeks after the initial scheduled trial date.

55.     Within this additional discovery were more documents from Det. Alfaro's investigative file, including a Department of Social Services Information Referral Report.

56.     The content of this additional discovery revealed the existence of even more exculpatory information that had not yet been provided to Mr. Moretti's defense counsel, including a transcript of Jane Doe's initial chat discussions with a suicide helpline in 2018 wherein she provided descriptive and identifying information about the person who had sexually abused her as a child.

57.     Mr. Moretti's counsel continued to push for the prosecution to provide this and other exculpatory information.

58.     On December 19, 2021, Mr. Moretti's counsel, by court order, finally received the transcript of Jane Doe's initial chat discussions from 2018.

59.     The conversation contained descriptive information about the person who abused Jane Doe sufficient to enable identification of the individual described.

60.     The person described by Jane Doe in this transcript could not have been Mr. Moretti.

61.     Det. Thorsdottir had knowledge of Jane Doe's prior discrepant disclosure soon after being assigned to the case in October 2019.

62.     Det. Thorsdottir's supervisor warned Det. Thorsdottir about the prior discrepant disclosure when Det. Thorsdottir first indicated her intent to obtain a search warrant of Mr. Moretti's home.

63.     Nevertheless, Det. Thorsdottir proceeded to obtain a search warrant for Mr. Moretti's residence and later obtain a warrant for his arrest.

64.     Det. Thorsdottir omitted this glaringly exculpatory information from her affidavits in support of both warrants.

65.     Det. Thorsdottir withheld exculpatory evidence specifically requested by Mr. Moretti's defense counsel for nearly a year, resulting in a need to delay Mr. Moretti's scheduled trial.

66.     On January 4, 2022, the case against Mr. Moretti ended by nolle prosequi.

67.     The exculpatory evidence Det. Thorsdottir withheld from Mr. Moretti's defense counsel and the Commonwealth Attorney's Office—once disclosed—formed the basis for the Assistant Commonwealth's decision to *nolle prosequi* the charges against Mr. Moretti.

68.     The evidence withheld by Det. Thorsdottir casted substantial, irrefutable doubt on Jane Doe's statements and testimony which implicated Mr. Moretti as the individual who had abused her.

## TIMELINESS OF ACTION

69.     The Supreme Court of Virginia issued various judicial emergency orders dictating how Court operations would proceed in light of the COVID-19 pandemic.

70.     On July 8, 2020, the Supreme Court of Virginia issued its Seventh Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency (the "Tolling Order").

71.     The Tolling Order stated, in pertinent part:

> [t]he tolling period as a result of the Judicial Emergency for such statutes of limitations and deadlines shall be limited to March 16, 2020 through July 19, 2020. This period of tolling shall not be counted for purposes of determining statutes of limitations or other case-related deadlines.

9

72.     The cause of action for false arrest accrued on May 5, 2020.

73.     The ordinary statute of limitations applicable to Plaintiff's false arrest claim under Virginia common law is two years, or until May 5, 2022.

74.     Pursuant to the tolling order, because seventy-five days of the Tolling Period (May 5, 2020 to July 19, 2020) fell within the two years during which Plaintiff had to bring suit, those 75 days "shall not be counted" when determining Plaintiff's applicable statute of limitations.

75.     Accordingly, the Tolling Order added 75 days to the date on which the statute of limitations for Plaintiff's claim of false arrest would have expired.

76.     Plaintiff had until Thursday, September 22, 2022 to bring his claim of false arrest.

77.     Plaintiff's claim is timely filed.


## COUNT I
## False Arrest in Violation of Virginia Common Law

78.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

79.     At all material times, Det. Thorsdottir was acting under color of state or local law.

80.     When effecting the arrest of Mr. Moretti, Det. Thorsdottir knew of the "father's friend" allegation and knew Mr. Moretti did not match that description.

81.     Despite her knowledge of the contradictory statements by Jane Doe, she proceeded with the arrest of Mr. Moretti.

82.     Because Mr. Moretti's arrest was only supported by Jane Doe's contradictory statements concerning abuse that had occurred many years prior, and because the search of Mr. Moretti's property revealed no corroborating evidence, the arrest was unreasonable under the circumstances.

83.    A reasonable officer in Det. Thorsdottir's position, having the information and facts known to Det. Thorsdottir at the time of Mr. Moretti's arrest, would not have decided probable cause existed to effect the arrest of Mr. Moretti.

84.    By her actions, Det. Thorsdottir deprived Mr. Moretti of his freedom of movement and confined him to state custody.

85.    As the direct and proximate result of Det. Thorsdottir's actions, Mr. Moretti suffered a loss of freedom, emotional pain and suffering, and strain and disruption to his family life upon his arrest.

86.    Mr. Moretti is entitled to relief, including compensatory damages, attorneys' fees, and costs.

87.    Det. Thorsdottir's actions were taken under circumstances that amount to a willful and wanton disregard for Mr. Moretti's rights and punitive damages are warranted.

## COUNT II
### 42 U.S.C. § 1983: False Arrest in Violation of Fourth Amendment

88.    The allegations in the foregoing paragraphs are incorporated as if realleged herein.

89.    Det. Thorsdottir knowingly omitted material information from the affidavit for the arrest warrant for the purpose of misleading the magistrate to secure a warrant for Mr. Moretti's arrest without probable cause.

90.    By her actions, Det. Thorsdottir deprived Mr. Moretti of the established right to be free from unreasonable seizure by taking him into custody when no probable cause existed, in violation of his rights under Section 1983 and the Fourth Amendment to the United States Constitution.

11

91.     A reasonable officer in Det. Thorsdottir's position, having the information and facts known to Det. Thorsdottir at the time of Mr. Moretti's arrest, would not have decided probable cause existed to effect the arrest of Mr. Moretti.

92.     By her actions, Det. Thorsdottir deprived Mr. Moretti of his freedom of movement and confined him to state custody.

93.     As the direct and proximate result of Det. Thorsdottir's actions, Mr. Moretti suffered a loss of freedom, emotional pain and suffering, and strain and disruption to his family life upon his arrest.

94.     Plaintiff is entitled to relief, including compensatory damages, attorneys' fees, and costs.

95.     The acts of Det. Thorsdottir, as set forth above, were intentional and exhibited a reckless indifference to the federally protected rights of Mr. Moretti, thus entitling Mr. Moretti to an award of punitive damages against Det. Thorsdottir, in her individual capacity, in order to punish her and others similarly situated from like conduct in the future.

## COUNT III
### Malicious Prosecution in Violation of Virginia Common Law

96.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

97.     Det. Thorsdottir moved for the arrest of Mr. Moretti and provided the Commonwealth Attorney's Office with information is support of his prosecution.

98.     Det. Thorsdottir took these actions despite a lack of probable cause to believe Mr. Moretti committed the allegations of which he was charged.

99.     The inculpatory information available to Det. Thorsdottir was not supported by corroborating evidence.

12

100.    Det. Thorsdottir had within her possession, custody, and control exculpatory information that would have caused the Commonwealth Attorney's Office not to move forward with charges against Mr. Moretti.

101.    Mr. Moretti's prosecution ended with the prosecutor moving to nolle prosequi all charges against him.

102.    Plaintiff is entitled to relief, including compensatory damages, attorneys' fees, and costs.

103.    Det. Thorsdottir's actions were taken under circumstances that amount to a willful and wanton disregard for Mr. Moretti's rights and punitive damages are warranted.

## COUNT IV
### 42 U.S.C. § 1983: Malicious Prosecution in Violation of Fourth Amendment

104.    The allegations in the foregoing paragraphs are incorporated as if realleged herein.

105.    Despite the lack of corroborating evidence, and therefore probable cause, the prosecution of Mr. Moretti was continued until January of 2022 in violation of Plaintiff's rights under Section 1983 and the Fourth and Amendment to the United States Constitution.

106.    Det. Thorsdottir took these actions despite a lack of probable cause to believe Mr. Moretti committed the allegations of which he was charged.

107.    The inculpatory information available to Det. Thorsdottir was not supported by corroborating evidence.

108.    Det. Thorsdottir had within her possession, custody, and control exculpatory information that would have caused the Commonwealth Attorney's Office not to move forward with charges against Mr. Moretti.

109.   Det. Thorsdottir withheld this exculpatory evidence despite numerous, specific requests for information and documents made by Mr. Moretti's defense counsel.

110.   Det. Thorsdottir's actions in withholding this exculpatory evidence resulted in the prolongment of Mr. Moretti's prosecution and Defendant's continued investigation of Mr. Moretti.

111.   Mr. Moretti's prosecution ended with the Assistant Commonwealth Attorney moving to nolle prosequi all charges against him.

112.   Plaintiff is entitled to relief, including compensatory damages, attorneys' fees, and costs.

113.   The acts of Det. Thorsdottir, as set forth above, were intentional and exhibited a reckless indifference to the federally protected rights of Mr. Moretti, thus entitling Mr. Moretti to an award of punitive damages against Det. Thorsdottir, in her individual capacity, in order to punish her and others similarly situated from like conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John Scott Moretti requests that this Court enter judgment in his favor against Defendant Helga Thorsdottir on all claims, and further:

1.   Award Plaintiff economic damages in the amount of $5,000,000.00;

2.   Award Plaintiff compensatory damages in an amount of $15,000,000.00;

3.   Award Plaintiff punitive damages in such amount as a jury may determine for Counts I through IV against Defendant in her individual capacity, but not greater than $350,000.00 per count;

4.   Award Plaintiff attorneys' fees, interest, and costs of this action as may be permitted by law, including *inter alia* 42 U.S.C. § 1988; and

14

5.   Award Plaintiff such other and further relief as may be appropriate.

## JURY DEMAND

**PLAINTIFF JOHN SCOTT MORETTI DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated:        September 2, 2022              Respectfully,

JOHN SCOTT MORETTI

Joshua Erlich, VA Bar No. 81298
Katherine L. Herrmann, VA Bar No. 83203
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA  22201
Tel:   (703) 791-9087
Fax:   (703) 722-8114
Email:  jerlich@erlichlawoffice.com
          kherrmann@erlichlawoffice.com

15

Uploaded: 2022SEP02 15:53 Filed By:Bar# 83203 KHERRMANN Reference: EF-108755
E-Filed: 2022SEP02 PRINCE WILLIAM CC SPOSNER at 2022SEP06 09:28 CL22007473-00

# COVER SHEET FOR FILING CIVIL ACTIONS

Case No. ...................................................

COMMONWEALTH OF VIRGINIA                                                              (CLERK'S OFFICE USE ONLY)

.................................... Prince William County ....................................................................... Circuit Court

........ John Scott Moretti ............................ v./In re: ................ Det. Helga Thorsdottir ................
                PLAINTIFF(S)                                                                    DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[X] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

## MISCELLANEOUS

[ ] Amend Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[X] Damages in the amount of $ 20,350,000.00 ................................ are claimed.

........ 9/2/2022 ..............
DATE

[ ] PLAINTIFF   [ ] DEFENDANT   [X] ATTORNEY FOR   [X] PLAINTIFF   [ ] DEFENDANT

Katherine L. Herrmann (VA Bar No. 83203)
PRINT NAME

The Erlich Law Office, PLLC
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

2111 Wilson Blvd. Suite 700, Arlington VA 22201
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

(703) 791-9087; kherrmann@erlichlawoffice.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

FORM CC-1416 (MASTER) PAGE ONE 07/16

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

Uploaded: 2022SEP02 15:54 Filed By:Bar# 83203 KHERRMANN Reference: EF-108755
E-Filed: 2022SEP02 PRINCE WILLIAM CC SPOSNER at 2022SEP06 09:28 CL22007473-00

# SERVICE OF PROCESS

# SPECIAL INSTRUCTIONS TO CLERK

Case No. _____

_____ **FORWARD** to the Sheriff of _____ County.

Please note: You must submit TWO copies of each document to be served per individual.

Names of persons to be served: _____

_____ **DO NOT** prepare service at this time

✓ **CALL** when service is ready at Phone Number (703) 791-9087

_____ **MAIL** document back in the self-addressed, stamped envelope provided

_____ **PLACE** service in Attorney Box Number _____

_____ **OTHER:** _____

_____
Signature

9-2-2022
_____
Date